**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CRIMINAL ACTION NO. 4:12CR-00020-JHM**

**UNITED STATES OF AMERICA**                                                                   **PLAINTIFF**

**V.**

**MICHAEL BRANDON THOMPSON**                                                        **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Michael Brandon Thompson, to suppress all statements and any evidence seized as a result of the statements made by him to law enforcement on September 2, 2011 [DN 24]. On February 1, 2013, a suppression hearing was held. The parties filed supplemental briefs [DN 49, DN 50]. Fully briefed, this matter is ripe for decision.

**BACKGROUND**

On September 2, 2011, Detective Jack Morgan with the Kentucky State Police Electronic Crimes Branch and other law enforcement officials executed a state search warrant on the home of Defendant, Michael Brandon Thompson, in connection with a child pornography investigation. The officers knocked on the front door and were permitted entry into the home by an adult. Detective Morgan located the Defendant in his bedroom asleep. At approximately 7:27 a.m., he awoke the Defendant, briefly explained why he was there, and asked whether the Defendant would like to talk to him. The Defendant agreed to talk with Detective Morgan and suggested that they do so in the garage. They went into the garage and a uniformed Kentucky State Police Trooper stood in the doorway.

Detective Morgan used an audio recorder to record the conversation with the Defendant. Detective Morgan advised Defendant of his rights and asked whether he understood those rights. The

Defendant stated that he understood his rights. Detective Morgan asked the Defendant whether he wanted to talk with him to which the Defendant responded, "I may want an attorney." (United States Hearing Exhibit 1 WS214031 at 5.05-5.07.) In response, Detective Morgan stated: "O.K. Well, that's uh, that's an option that you obviously have." Id. at 5:08-5:10. Detective Morgan and the Defendant then talked about appointment of counsel and the Defendant's financial condition. During this time, Defendant requested to take some medication and his request was granted. Defendant asked Detective Morgan whether he wanted something to drink, which the detective declined. Detective Morgan reiterated, "You don't have to talk to me." Id. at 7:12-7:14. The Defendant indicated that he did not mind talking to the detective, but requested the recorder be turned off. Id. at 7:15-7:20. Detective Morgan turned the recorder off.

Detective Morgan testified that the recorder was turned off for 21 minutes. While the recorder was turned off, Detective Morgan stated that the two men talked about the potential charges against Defendant stemming from the search warrant. He testified that he went into detail about why law enforcement officials were at the home, including that the officers came to the address because an IP address had been seen sharing child sexual exploitation. Detective Morgan further testified that at no point in time during the 21 minutes or so did the Defendant ask to speak to an attorney.

When the recorded interview resumed, the Defendant signed a statement of rights form and agreed to the interview. The two continued to talk for approximately one hour and 25 minutes. Detective Morgan testified that at no point during the entire interview did he raise his voice with Defendant, raise his hand or threaten to physically harm Defendant, or make any promises to Defendant regarding the potential charges or possible sentence. Further, Detective Morgan testified that Defendant never asked to leave or said he did not want to talk to Detective Morgan.

2

Defendant was charged with two counts of knowingly transporting child pornography using a computer in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1) and one count of knowingly possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Defendant filed this motion to suppress the statements he made to Detective Morgan on grounds that he was in custody at the time of questioning and had invoked his right to counsel pursuant to Miranda v. Arizona, 384 U.S. 436, 444 (1966).

**DISCUSSION**

The Fifth Amendment privilege against self-incrimination is implicated whenever an individual is "taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning." Miranda v. Arizona, 384 U.S. 436, 478 (1966). Because custodial interrogations are said to be inherently coercive, Miranda established that a suspect must be apprised of certain rights to protect the privilege against self-incrimination. Id. at 444. See Dickerson v. United States, 530 U.S. 428, 435 (2000). However, a suspect may waive his Miranda rights "provided the waiver is made voluntarily, knowingly and intelligently." Miranda, 384 U.S. at 444.

"[L]aw enforcement officers must immediately cease questioning a suspect who has clearly asserted his right to have counsel present during custodial interrogation." Davis v. United States, 512 U.S. 452, 454 (1994)(citing Edwards v. Arizona, 451 U.S. 477 (1981)). "'[T]he suspect must unambiguously request counsel . . . . [H]e must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney.'" United States v. Scott, 693 F.3d 715, 718 (6th Cir. 2012)(quoting Davis, 512 U.S. at 459). "'If an accused makes a statement concerning the right to

3

counsel 'that is ambiguous or equivocal' or makes no statement, the police are not required to end the interrogation, or ask questions to clarify whether the accused wants to invoke his or her Miranda rights.'" Id. (quoting Berghuis v. Thompkins, ─── U.S. ───, 130 S.Ct. 2250, 2259–60 (2010)). (citations omitted). "A requirement of an unambiguous invocation of Miranda rights results in an objective inquiry that 'avoid[s] difficulties of proof and . . . provide[s] guidance to officers' on how to proceed in the face of ambiguity." Berghuis, 130 S.Ct. at 2259 (quoting Davis, 512 U.S. at 458–459). "If an ambiguous act, omission, or statement could require police to end the interrogation, police would be required to make difficult decisions about an accused's unclear intent and face the consequence of suppression 'if they guess wrong.'" Id. (quoting Davis, 512 U.S. at 461).

In Davis, the Supreme Court found that the defendant's statement, "Maybe I should talk to a lawyer," was not an "unambiguous or unequivocal request for counsel." 512 U.S. at 462. Relying on Davis, the Sixth Circuit has held that "[i]t would be nice to have an attorney" or "I think I should talk to a lawyer, what do you think?" are not an "unambiguous or unequivocal request for counsel" requiring cessation of questioning. Ledbetter v. Edwards, 35 F.3d 1062, 1070 (6th Cir. 1994); United States v. Delaney, 443 Fed. Appx. 122, 130 (6th Cir. 2011)(citing Burket v. Angelone, 208 F.3d 172, 198 (4th Cir. 2000) (holding that "I think I need a lawyer" was not an unequivocal request); Clark v. Murphy, 331 F.3d 1062, 1069–72 (9th Cir. 2003) (holding that "I think I would like to talk to a lawyer" was not an unequivocal request)). Bearing these principles in mind, the Court now addresses Defendant's argument that his statements must be suppressed because he unambiguously requested counsel.

At the beginning of the interview, Detective Morgan advised Defendant of his Miranda rights and asked whether he understood those rights. The Defendant stated that he understood his rights.

Detective Morgan asked the Defendant whether he wanted to talk with him to which the Defendant responded, "I may want an attorney." (United States Hearing Exhibit 1 WS214031 at 5:05-5:07.) In response, Detective Morgan stated: "O.K. Well, that's uh, that's an option that you obviously have." (Id. at 5:08-5:10.) Detective Morgan and the Defendant then talked about appointment of counsel and the Defendant's financial condition. Detective Morgan then reiterated, "You don't have to talk to me." (Id. at 7:12-7:14.) Defendant did not make any additional comments about a lawyer, and Detective Morgan continued questioning him. In comparison to Davis and Ledbetter, Defendant's statement cannot be classified as an unambiguous request for counsel and, therefore, it failed to meet the requirements established by the Supreme Court to mandate an end of questioning. Davis, 512 U.S. at 462. The statement contains the ambiguous phrase "may" as opposed to a more declarative statement. Accordingly, Detective Morgan did not err in failing to cease the interview when Defendant mentioned that he *may* want an attorney.

The Court finds that the decision relied upon by Defendant in support of his position, Abela v. Martin, 380 F.3d 915 (6th Cir. 2004), is distinguishable from Davis and the present case. In Abela, the defendant stated "maybe I should talk to an attorney by the name of William Evans." Id. at 926. The Sixth Circuit in Abela distinguished the facts of that case from Davis stating that the defendant in Abela "did not merely say, 'Maybe I should talk to an attorney,' as did the defendant in Davis. Rather, [the defendant] named the specific individual with whom he wanted to speak and then showed [the officer] the attorney's business card." Abela, 380 F.3d at 926. The officer then indicated to the defendant that he would call his attorney for him. Id. In the present case, the statement made by Defendant is more akin to the statement contained in Davis. The Defendant did not request a specific individual or present the officer with a number of an attorney. Furthermore,

5

Detective Morgan's response to Defendant's statement clearly indicated to the Defendant that he did not have to talk with Detective Morgan and that requesting counsel was an option. Thus, the Defendant's statement and the circumstances surrounding the statement were not such that a reasonable officer would have understood that Defendant was clearly and unequivocally invoking the right to counsel. Id.

For these reasons, the Court finds that Defendant's statements were not obtained in violation of his Fifth Amendment right to counsel, and the motion to suppress is denied.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, Michael Brandon Thompson, to suppress all statements and any evidence seized as a result of the statements [DN 24] is **DENIED**.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

March 8, 2013